## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Fabian Chandler, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| First National Collection Bureau, | ) | **COMPLAINT WITH** |
| Inc., | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.      Plaintiff, Fabian Chandler, is a natural person who resides in DeKalb County, Georgia.

2.      Defendant, First National Collection Bureau, Inc., is a foreign corporation registered to do business in Georgia.  Defendant may be served with

process via its registered agent, Corporation Service Company at 2 Sun Ct, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division as both the conduct complained of herein occurred in DeKalb County and the Defendant maintains a Registered Agent in Gwinnett County.

## FACTUAL ALLEGATIONS

7.      The Plaintiff has various financial obligations and accounts that have been utilized to provide ordinary goods and services to Plaintiff and his family.  The

Plaintiff does not have any business-related debt.  The Plaintiff is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a collection agency specializing in the collection of consumer debt.

9.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    The Defendant is a collection agency headquartered in Reno, Nevada. It describes itself as "a nationally licensed full-service accounts receivable management firm.  Helping consumers resolve debts for over 35 years. www.fncbnv.com.  Last visited, August 11, 2022.

11.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Upon information and belief, the Defendant does not collect commercial accounts.

14.    On June 21st, at approximately 2:55 p.m. the Plaintiff received a text message from the Defendant on his cell phone.  This message identified the Defendant, informed the Plaintiff that the text is an attempt to collect a debt, and

3

requested that the Plaintiff respond to the text by initiating a phone to a number provided.

15.     Between June 25th, and August 11, the Plaintiff has received no fewer than seven identical text messages from the Defendant. This message is reproduced below:

> FROM: First National
> Collection Bureau, Inc.
> TO: Fabian
> We are contacting you
> regarding an important
> personal business matter.
> This is an attempt to collect
> a debt. Any information
> obtained will be used for that
> purpose. This is a text from
> a debt collector.
> Call us at 1-800-824-6191 or
> pay online using reference
> number 215694395 at
> fncbinc.com.

16.     Missing from Defendant's text message is any instruction or opportunity for the Plaintiff to "opt out" of receiving text messages to his cell phone.

17.     On November 30, 2021, the Consumer Financial Protection Bureau (CFPB) published amendments to 12 C.F.R. Part § 1006 (hereinafter referred to as Regulation F).

18.     Regulation F was issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692b, 1692o; Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank act); 12 U.S.C. § 5481 et seq.; and paragraph (b)(1) of § 104 of the Electronic Signatures in Global and National Commerce Act (E-sign Act), 15 U.S.C. § 7004.

19.     The Fair Debt Collection Practices Act and, specifically, Regulation F apply to the Defendant at all times relevant hereto.

20.     As of the date of enactment for Regulation F, where a debt collector communicates with a consumer electronically in connection with a collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address must include a "clear and conspicuous" statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications or attempts to communicate by the debt collector to that address or telephone number. 12 C.F.R. § 1006.6(e); 15 U.S.C. § 1692c.

21.     The Defendant's text messages did not contain "a clear and conspicuous statement" describing a reasonable and simple method by which the Plaintiff could opt-out of future text communications.

22.    As a result of the Defendant failing to comply with the Act and Regulations, the Plaintiff was, and continues to be, hindered in her ability to cease email communications from the Defendant.

23.    To date, the Plaintiff has not received a letter from the Defendant describing his opportunity to request validation or which even identifies the creditor for whom the Defendant is seeking to collect.

## INJURIES-IN-FACT AND DAMAGES

24.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27.     Defendant is subjecting Plaintiff to false, deceptive, and unfair means to collect the debt. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     An inability to halt unwanted text messages to his cell phone;

b.)     Uncompensated time expended away from work and/or activities of daily living, to address Defendant's unwanted text messages;

c.)     Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant by text;

d.)     An inability to investigate the debt in collection;

e.)     The Plaintiff suffered a violation of his right to privacy;

f.)     Anxiety and worry caused by concern that Defendant was going to continue initiating unwanted communications at times that were inconvenient for the Plaintiff;

28.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692g*

29.     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…

*the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will*

*provide the consumer with the name and address of the original creditor, if different*

*from the current creditor.* 15 U.S.C. § 1692g.

30.     Defendant's initial communication failed to comply with § 1692g and Plaintiff has not as of the date of this action received any such communication that complies with the Act.

31.     Upon information and belief, Defendant did not send a written Notice Of Debt within 5 days of the initial communication thus violating 15 U.S.C. § 1692g(a).

32.

***Violations of  Regulation F, 12 C.F.R. § 1006.6(e)***

33.     The text messages described here in represent violations of Regulation F, 12 C.F.R. § 1006.6(e).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

34.     Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

35.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

36.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

37.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

38.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

39.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

40.     Defendant's conduct has implications for the consuming public in general.

41.     Defendant's conduct negatively impacts the consumer marketplace.

42.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

43.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

44.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

45.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

46.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

47.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)    Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

11

f.)    Such other and further relief as may be just and proper.

Respectfully submitted this 12th day of August, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*